### HORTON *v.* CHILDS et al.

(*Supreme Court, Special Term, New York County.* August 2, 1890.)

MORTGAGES—FORECLOSURE—APPEAL-BOND—STAY.

Code Civil Proc. N. Y. § 1331, as amended by Laws 1879, c. 542, provides that "if the appeal is taken from a judgment or order * * * directing the sale or the delivery of possession of real property, it does not stay the execution of the judgment or order, until the appellant gives a written undertaking to the effect that he will not, while in possession of the property, commit, or suffer to be committed, any waste thereon; and that, if the judgment or order is affirmed, or the appeal is dismissed, he will pay for the use and occupation of the property. * * * But if the judgment directs a foreclosure and sale of real property mortgaged, an undertaking is sufficient to stay the execution of judgment, which is to the effect that if the judgment is affirmed or the appeal is dismissed, the appellant will pay any deficiency which may occur upon the sale." *Held* that, on appeal from an order directing the sale of mortgaged premises, appellant has his election to give an undertaking conditioned against waste, and to pay for use and occupation, or to pay any deficiency which may occur on the foreclosure sale.

Action by James M. Horton against William H. Childs to foreclose a mortgage. Defendant moves that the amount of the bond to be given by him to

stay execution pending on appeal from the order of sale be fixed.   Code Civil Proc. N. Y. § 1331, is as follows: "If the appeal is taken from a judgment which entitles the respondent to the immediate possession of real property, or from a judgment or order directing the sale or the delivery of possession of real property, it does not stay the execution of the judgment or order, until the appellant gives a written undertaking to the effect that he will not, while in possession of the property, commit, or suffer to be committed, any waste thereon; and that, if the judgment or order is affirmed, or the appeal is dismissed, he will pay the value of the use and occupation of the property, or the part thereof as to which the judgment or order is affirmed, from the time of taking the appeal until the delivery of the possession thereof, pursuant to the judgment or order, not exceeding a specified sum fixed by a judge of the court below.   But if the judgment directs a foreclosure, and sale of real property mortgaged, an undertaking is sufficient to stay the execution of the judgment, which is to the effect that if the judgment is affirmed, or the appeal is dismissed, the appellant will pay any deficiency which may occur upon the sale, in discharging the sum to pay which the sale is directed, with interest, and the costs, and all expenses chargeable against the proceeds of the sale, not exceeding a specified sum, fixed by a judge of the court below." For opinion on foreclosure of mortgage, see 7 N. Y. Supp. 570.

*Charles De Hart Brower,* for plaintiff.   *Donohue, Newcomb & Cardozo,* for defendant.

ANDREWS, J.   The precise question involved in this motion has been passed upon, after argument and full consideration, by the general term of the fourth department, in the case of *Grow* v. *Garlock,* 29 Hun, 598.   In this case it was expressly held that under section 1331 of the Code, as amended in 1879, an appellant, from a judgment directing the sale of mortgaged premises, has his election to give an undertaking, the condition of which is to pay any deficiency, or to give one under the first clause of the section conditioned against waste, and to pay for use and occupation.   See, also, 2 Rum. Pr. p. 666, and 2 Abb. New Pr. p. 998.   If the provisions of said section of the Code, as so construed, work injustice, the remedy is with the legislature.   The court can only enforce the law as it finds it.   It appears by the moving papers that the premises in question are vacant lots in this city.   There is, therefore, no danger of waste, and, so far as appears from the papers before me, the value of the use and occupation of the same will be but nominal.   The undertaking will therefore be fixed at $500, with leave to the plaintiff to move to increase the same if it shall appear hereafter that the value to the defendant of the use and occupation has in any way increased.